Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7224 | **DATE** | JAN - 3 2008 |
| **CASE TITLE** | Kebron Ramond Dennis (#L-110118) vs. Officer George Volko, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $11.77 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Lake County Jail. The Waukegan Police Department and the plaintiff's claim of wrongful interrogation are dismissed on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to issue summonses for service on the remaining five defendants by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. The plaintiff's motion for appointment of counsel [4] is denied.

■ [For further details see text below.]                                      Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate at the Lake County jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Waukegan police officers, violated the plaintiff's constitutional rights by denying him needed medical care when they arrested him and by later interrogating him without advising him of his *Miranda* rights while the plaintiff was being treated at the hospital.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $11.77. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

**(CONTINUED)**

mjm

## STATEMENT (continued)

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff has articulated a colorable federal cause of action with respect to the alleged denial/unreasonable delay of medical care. It is well established that the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Williams v. Jackson*, No. 01 C 1520, 2002 WL 598516, at *4 (N.D. Ill. Apr. 18, 2002) (Andersen, J.), *citing Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (inter alia). Police officers may not unreasonably deny or delay needed medical treatment for a person in their custody. *Williams*, 2002 WL 598516 at *4, *citing Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991). While a more fully developed record may belie the plaintiff's allegations, the defendants must respond to the complaint.

However, the plaintiff's claim that the police interrogated him without advising him of his *Miranda* rights must be dismissed. "The exclusion of unwarned statements . . . is a complete and sufficient remedy" for any perceived *Miranda* violation. *United States v. Pantane*, 542 U.S. 630, 641-42 (2004). The plaintiff may not recover damages under 42 U.S.C. § 1983 for the alleged violation. *Thorton v. Buchmann*, 392 F.2d 870, 874 (7th Cir. 1968).

In addition, the complaint is dismissed on initial review as to the Waukegan Police Department. The police department is not itself a suable entity. *See, e.g., Gray v. City of Chicago*, 159 F. Supp. 1086, 1088 (N.D. Ill. 2001). The plaintiff may proceed only against the individual police officers.

The clerk shall issue summonses forthwith for service on the five named police officers. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Waukegan Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service or for proof of service, should a dispute arise. Any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. The plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff. **(CONTINUED)**

## STATEMENT (continued)

Finally, the plaintiff's motion for appointment of counsel is denied.  The plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts.  *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992).

Charles P. Kocoras
U.S. District
Judge