UNITED STATES DISTRICT COURT
for the NORTHERN DISTRICT OF ILLINOIS

KEBRON RAMOND DENNIS I,            )
                                    )
            Plaintiff,              )
                                    )   Case no. 07 C 7224
       v.                           )
                                    )   Judge Charles P. Kocoras
GEORGE VALKO, DONALD PAULSEN,       )
LARRY HOLMAN, TIMOTHY               )
BUCKINGHAM, WAUKEGAN POLICE         )
DEPARTMENT, AND OFFICER SCOTT       )
GOODALE,                            )
            Defendants.             )
                                    )

### MEMORDANUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED UPON EXPIRATION OF THE STATUTE OF LIMITATIONS

The Defendant Officers, George Valko, Donald Paulsen, Larry Holman, Timothy Buckingham, and Scott Goodale, move this Court pursuant to Fed. R. Civ. P. 56(b), which provides that "[a] party against whom a claim… is asserted or a declaratory judgment sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." F.R.C.P. 56. Summary judgment is appropriate "…if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that the moving party is entitled to a judgment as a matter of law." F.R.C.P. 56(c).

## ARGUMENT

Section 1983 provides a federal cause of action but for purposes of the statute of limitations, a federal court must apply the statute of limitation for a personal-injury tort of the state in which the cause of action arose. Heard v. Sheahan, 253 F.3d 316, 317 (7th Cir. 2001) *citing* Wilson v. Garcia, 471 U.S. 261, 275, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 464, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Illinois law provides for a two-year statute of limitations in all personal-injury torts. 735 ILCS 5/13-202. According to federal law, the two-year statute of limitations period for a §1983 denial of medical care continues to accrue until such time as the defendants have the power to do something about plaintiff's medical condition and refuse. Id. at 318.

According to Plaintiff's Complaint, medical care was denied from 1:50 p.m. on August 24, 2003 until Plaintiff arrived at the hospital at approximately 1:30 a.m. on August 25, 2003. *Statement of Material Fact*, ¶s 5-7. The refusal to provide medical treatment ended and Plaintiff's cause of action "accrued" when the Defendant Officers transported Plaintiff to the hospital for medical care-- that being approximately 1:30 a.m. on August 25, 2003. *Statement of Material Fact*, ¶ 7. Plaintiff did not file his initial Complaint until December 26, 2007, more than two years from the date Plaintiff's cause of action accrued. *Statement of Material Fact*, ¶ 1.

WHEREFORE, Defendants Officers, George Valko, Donald Paulsen, Larry Holman, Timothy Buckingham, and Scott Goodale, pray that this Honorable Court grant

summary judgment in their favor on the last remaining cause of action, that being the denial of medical treatment, based on the expiration of the statute of limitations.

                                Respectfully submitted,

                                /s/ Gretchen A. Neddenriep
                                  Gretchen A. Neddenriep,
                                  Attorney for Defendant Officers

GRETCHEN A. NEDDENRIEP #06270338
DIVER, GRACH, QUADE & MASINI, LLP
111 N. County Street
Waukegan, Illinois 60085
(847) 662-8611
(847) 662-2960 (fax)