## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 07 C 7224 | DATE | APR 17 2008 |
| CASE TITLE | Kebron Ramond Dennis (#L-110118) vs. Officer George Volko, et al. | | |

**DOCKET ENTRY TEXT:**

Reference is made to the plaintiff's undated letter [#22]. The plaintiff is advised that *ex parte* letters to the court are not permitted. Every document filed must include a certificate of service showing that a copy was mailed to all counsel of record. In addition, the plaintiff is reminded that he must provide the court with the original plus a judge's copy of every document filed. Nevertheless, the court certifies that the above-captioned case is pending and that the plaintiff has a deadline of April 21, 2008, to respond to the defendants' motion for summary judgment. The clerk is directed to mail a copy of this order to the law librarian at the Lake County Jail. The clerk is additionally directed to mail the plaintiff copies of the court's filing instructions, Fed. R. Civ. P. 56, and Local Rule 56.1 (N.D. Ill.).

Charles P. Kocoras
U.S. District Judge

■ [Docketing to mail notices.]

mjm

# Federal Rules of Civil Procedure

VII. Judgment

**Rule 56 Summary Judgment**

(a)  **For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b)  **For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c)  **Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d)  **Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e)  **Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f)  **When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment

or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g)** **Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

[As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.]



# United States District Court

**Northern District Of Illinois**

**Local Rules**

**LR56.1. Motions for Summary Judgment**

**(a) Moving Party.** With each motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 the moving party shall serve and file—

    (1) any affidavits and other materials referred to in Fed.R.Civ.P. 56(e);

    (2) a supporting memorandum of law; and

    (3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and that also includes:

        (A) a description of the parties, and

        (B) all facts supporting venue and jurisdiction in this Court.

The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion.

If additional material facts are submitted by the opposing party pursuant to section (b), the moving party may submit a concise reply in the form prescribed in that section for a response. All material facts set forth in the statement filed pursuant to section (b)(3)(B) will be deemed admitted unless controverted by the statement of the moving party.

**(b) Opposing Party.** Each party opposing a motion filed pursuant to Fed.R.Civ.P. 56 shall serve and file—

    (1) any opposing affidavits and other materials referred to in Fed.R.Civ.P. 56(e);

    (2) a supporting memorandum of law; and

    (3) a concise response to the movant's statement that shall contain:

        (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

(B) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.



# United States District Court

**Northern District Of Illinois**

**Local Rules**

**LR56.2 – Notice to Pro Se Litigants Opposing Summary Judgment**

Any party moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion, a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" in the form indicated below. Where the pro se party is not the plaintiff, the movant should amend the form notice as necessary to reflect that fact.

**NOTICE TO PRO SE LITIGANT OPPOSING MOTION FOR SUMMARY JUDGMENT**

The defendant has moved for summary judgment against you. This means that the defendant is telling the judge that there is no disagreement about the important facts of the case. The defendant is also claiming that there is no need for a trial of your case and is asking the judge to decide that the defendant should win the case based on its written argument about what the law is.

In order to defeat the defendant's request, you need to do one of two things: you need to show that there is a dispute about important facts and a trial is needed to decide what the actual facts are or you need to explain why the defendant is wrong about what the law is.

Your response must comply with Rule 56(e) of the Federal Rules of Civil Procedure and Local Rule 56.1 of this court. These rules are available at any law library. Your Rule 56.1 statement needs to have numbered paragraphs responding to each paragraph in the defendant's statement of facts. If you disagree with any fact offered by the defendant, you need to explain how and why you disagree with the defendant. You also need to explain how the documents or declarations that you are submitting support your version of the facts. If you think that some of the facts offered by the defendant are immaterial or irrelevant, you need to explain why you believe that those facts should not be considered.

In your response, you must also describe and include copies of documents which show why you disagree with the defendant about the facts of the case. You may rely upon your own declaration or the declarations of other witnesses. A declaration is a signed statement by a witness. The declaration must end with the following phrase: "I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct," and must be dated. If you do not provide the Court with evidence that shows that there is a dispute about the facts, the judge will be required to assume that the defendant's factual contentions are true, and, if the defendant is also correct about the law, your case will be dismissed.

If you choose to do so, you may offer the Court a list of facts that you believe are in dispute and require a trial to decide. Your list of disputed facts should be supported by your documents or declarations. It is important that you comply fully with these rules and respond to each fact offered by the defendant, and explain how your documents or declarations support your position. If you do not do so, the judge will be forced to assume that you do not dispute the facts which you have not responded to.

Finally, you should explain why you think the defendant is wrong about what the law is.