UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEBRON RAMOND DENNIS I, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEORGE VALKO, DONALD PAULSEN, )<br>LARRY HOLMAN, TIMOTHY )<br>BUCKINGHAM, WAUKEGAN POLICE )<br>DEPARTMENT, AND OFFICER SCOTT )<br>GOODALE, )<br>Defendants. ) | Case No.  07 C 7224<br><br>Judge Charles P. Kocoras |

**WAUKEGAN POLICE OFFICERS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BASED UPON THE STATUTE OF LIMITATIONS**

NOW COME the Defendant Waukegan Police Officers, GEORGE VALKO, DONALD PAULSEN, LARRY HOLMAN, TIMOTHY BUCKINGHAM, and SCOTT GOODALE, through one of their attorneys, GRETCHEN NEDDENRIEP of DIVER, GRACH, QUADE & MASINI, LLP, and as and for their reply in support of their Motion for Summary Judgment, state as follows:

Plaintiff argues that a cause of action for unreasonable delay of medical care does not begin to accrue until the appellate court rendered a decision in his criminal case. *Local Rule 56.1 Statement, pg. 2, 3.*  The Seventh Circuit has held otherwise.  In Heard v. Sheahan, 253 F.3d 316 (7th Cir. 2001), the Seventh Circuit held that a cause of action for failure to render medical care or unreasonable delay of medical care accrues "as soon as defendant has the power to do something about his medical condition." Heard, 253 F.3d at 318.  Plaintiff's criminal prosecution is irrelevant in determining the accrual date for a cause of action for unreasonable delay in providing medical care.

The case of Smith v. Boudreau, 366 Ill.App.3d 958, 852 N.E.2d 433, 304 Ill.Dec. 183 (1st Dist. 2006), as cited by Plaintiff, does not pertain to a cause of action for failure to provide medical care or delay in providing medical care. Rather, it involves a cause of action for excessive force. The other case cited by Plaintiff in support of his response, Mocny v. Rake, 2004 WL 1718659 (N.D. Ill. 2004), is not reported in the federal reporter and involves allegations of false arrest and malicious prosecution. The date of accrual in a false arrest cases occurs when the charge is dismissed. Mocny, pg 2. Dismissal of the charge is an element of a false arrest case and prevents inconsistency between the criminal findings and a civil suit for damages pursuant to §1983. Id. Therefore, neither case cited by Plaintiff should be considered by this Court in determining when a cause of action for unreasonable delay in providing medical care accrues.

WHEREFORE, Defendants Officers, George Valko, Donald Paulsen, Larry Holman, Timothy Buckingham, and Scott Goodale, pray that this Honorable Court grant summary judgment in their favor on the last remaining cause of action, that being the denial of medical treatment, based on the expiration of the statute of limitations.

    Respectfully submitted,

    /s/ Gretchen A. Neddenriep_____
       Gretchen A. Neddenriep,
       Attorney for Defendant Officers

GRETCHEN A. NEDDENRIEP #06270338
DIVER, GRACH, QUADE & MASINI, LLP
111 N. County Street
Waukegan, Illinois 60085
(847) 662-8611
(847) 662-2960 (fax)