FILED

APR 2 2 2008 arn

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT    APR 2 2 2008
for the NORTHERN DISTRICT OF ILLINOIS

KE'BRON RAMOND DENNIS I,                    ) 07cv 7224
          v.       Plaintiff                 ) Case no. 07 C 7224
GEORGE VALKO, DONALD PAULSEN,                ) Judge Charles P. Kocoras
LARRY HOLMAN, TIMOTHY BUCKINGHAM,            )
AND OFFICER SCOTT GOODALE,                   )
                    Defendants.              )

MEMORANDUM OF LAW IN SUPPORT OF OPPOSING
MOTION TO SUMMARY JUDGEMENT BASED UPON
TOLLING OF THE APPLICABLE TIME PERIOD

The Plaintiff, KE'BRON RAMOND DENNIS I, move
this Court pursuant to Fed. R. Civ. P. 56 (e). Which
provides that "the opposing party must set forth
specific facts showing that there is a genuine
issue for trial" In accordance to F.R.C.P. 56.1

## OPPOSING ARGUMENT

In congruency with F.OR.C.P the Statute of Limitations guidelines set forth in accordance with a section 1983 are as follows $\int$1. a determination of what limitation period of time is applicable. $\int$2. a determination of the time of "accrual" of the claim. $\int$3. Whether any event triggers the stopping or tolling of the applicable time period? Illinois law provides for a two year statute of limitations in all personal injury torts. 735 ILCS 5/13-202. In alignment with federal law, the two year statute of limitations period of time for a $\int$1983 denial of medical care can accrue beyond the cause of action, citing Macny v. Rake F. Supp 2d 2004 U.S. Dist N.D. Ill July 29-2004 if claim is filed within one year of State court of criminal appeals decision that affects the claim, citing. Smith v. Boudreau 366 Ill App. 3d 958, 304Ill Dec 183, 852 N.E.2d 433, 2006 Ill 1 Dist 2006.

Applicability of Macny v. Rake F. Supp 2d 2004 U.S. Dist N.O. Ill July 29 2004 goes in accordance with the Gracious Judge Charles R. Kocoras ruling on "the exclusion of unwarned statements ...... is a complete and sufficient remedy" one of the plaintiffs claims. The exclusion "did not take place until on or around April 24th 2007. Upon decision from the Appellate Courts Whereupon filing of Claim order was entered January 3, 2008 declaring remedy.

2

In Moung ..... the courts ruled a portion of the claim could not be decided upon until proceedings in lower court were finalized. Thus granting the plaintiff some relief. Rules on Statute of Limitations in a personal injury claim that apply 735 ILCS 5/13-202 § 10.02a determination of the time "accrual" of the claimand § 10.03a whether any event triggers the stopping or rolling of the applicable time period[2].

Additionally, the Plaintiff filed his claim within one year of state court criminal appeals convening on April 24th 2007. As in Smith v. Boudreau 366 Ill App. 3d 958, 304111 Dec. 188,852 N.E. 2d 433, 2006 Ill 1 Dist 2006. The claimant failed to do so thus barring his claim fruits successive. The court also ruled that "his alleged excessive force claim did not undermine the validity of his murder convictions." Whereas the alleged denial of medical treatment was a factor in reversal of conviction in Plaintiffs case.

Forunto, Plaintiff KEBRON RAMOND DENNIS I, pray humbly that this Honored Court grant approving motion for summary judgement in favourable amends on the foremost cause of action being denial of medical treatment.

Respectfully Submitted
KEBRON R. DENNIS

KEBRON R. DENNIS                    Pro Se Litigant
P.O. BOX 38
WAUKEGAN ILLINOIS 60079 KHCHB

3