FILED
APR 2 2 2008
Apr 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## for the NORTHERN DISTRICT of ILLINOIS

| | |
|---|---|
| KE'BRON RAMOND DENNIS I<br>v. Plaintiff<br>GEORGE VALKO, DONALD PAULSEN,<br>LARRY HOLMAN, TIMOTHY BUCKINGHAM,<br>AND OFFICER SCOTT GOODALE,<br>Defendants. | 07cv7224<br>Case no. 07C7224<br>Judge Charles P. Kocoras |

### Local Rule 56.1 STATEMENT of MATERIAL FACT : DISPUTE

5. The denial of medical care is alleged to have occurred on August 24 2003 [@] approximately 11:50 p.m. when Plaintiff's car was stopped by Defendant officer George Valko, en route to the hospital after Plaintiff and his former friend shot each other complaint pg 4.

1. Controverted fact. As stated in the memorandum of law in support of summary judgement offered by the Defendants counsel, the medical care was denied from 1:50 p.m. on August 24, 2003 until Plaintiff arrived @ the hospital at approximately 1:30 A.M. on August 25, 2003. Statement of Material Fact # 5: 7". This is not a material fact. It is substantiated by attached copy of original complaint pg. 4.

Respectfully Submitted
KE'BRON R. DENNIS

KE'BRON R. DENNIS
P.O. Box 38
WAUKEGAN ILLINOIS 60079

## EXPLANATION TO ASSERT CLAIMS VALIDITY

Respected members of the Court I have submitted a claim against the defendants. Eventhough some of my initial pursuits were deemed either addressed or yet to be determined, I do beelieve the meritous beneficience of the remaining cause of action, denial of medical care, which is a deliberate indifference to a serious medical need.

The Defendants attorney Ms. Neddenriep argues with gusto, that the statute of limitations apply. Whereas the Gracious and Honored Judge Kocoras allowed remedy to be permissable, offered by the Appellate Courts on other issue in a not tolling cause. Decision from the lower court came at or around April 24th 2007. Claim was filed December 6, 2007. Less than a year later.

Also the Defendants attorney Ms. Neddenriep states time approximations that are niether correct or congruent with the initial incident. In proximity to exact knowing and acting upon cause of action. The difference between 1:50 p.m. & 11:50 p.m. is quite vast. Quite is enough of a discrepancy to arouse suspicion based upon contradiction to material fact.

1

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

For starters, I am not an attorney nor do I desire to become immersed in doing legal work. Though, there are some legal issues looming, to be tendered. So please consider the following.

On the night of August 24th 2003, I was involved in an altercation with a former friend. During a visit to his home, he assaulted me with a knife. After aloosing the knife from his clutches, we shot each other.

This event took place at or near 11:50 pm. While leaving the place of action to the hospital that my insurance covered, I was pulled over by Waukegan police officer George Valko. The record indicate, my stop at gunpoint occurred at 11:50pm. Officer Valko waited for backup as he states to have been officer Donald Paulsen. Upon exiting the vehicle with no shirt on from the heat and trying to suppress the bleeding, I informed the arresting officer