## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7224 | **DATE** | June 11, 2008 |
| **CASE TITLE** | Dennis vs. Valko et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion [16] for summary judgment is granted. All other pending motions are denied. Plaintiff to take nothing. All matters in controversy having been resolved, final judgment is entered in favor of all defendants and against plaintiff.

■[ For further details see text below.]     Docketing to mail notices.
*Mail AO 450 form.

### ORDER

    This matter comes before us on Defendants' George Valko, Donald Paulsen, Larry Holman, Timothy Buckingham, and Scott Goodale motions for summary judgment. Plaintiff Kebron Ramond Dennis I filed suit pursuant to 42 U.S. C. § 1983 against Defendants on December 26, 2007. Dennis's complaint alleged that Defendants violated his constitutional rights by 1) denying him needed medical care when they arrested him and by 2) later interrogating him without advising him of his *Miranda* rights while he was being treated at a hospital.

    In January 2008, we conducted a threshold review of Dennis's complaint pursuant to 28 U.S.C. § 1915(A) and dismissed his cause of action against the Waukegan Police Department because it is a non-suable entity. *See Gray v. City of Chicago*, 159 F.Supp. 1086, 1088 (N.D. Ill. 2001). We also dismissed Dennis's cause of action concerning his interrogation because it did not present a cognizable claim under 42 U.S.C. § 1983. *See Thorton v. Buchmann*, 392 F.2d 870, 874 (7th Cir. 1968). Dennis's sole remaining claim pertained to Defendants' alleged denial of medical care on August 24, 2003.

    According to the complaint, Dennis was involved in an altercation with a former friend on the evening of August 24, 2003. During the altercation, Dennis and his former friend shot at each other and Dennis became wounded and began bleeding. Dennis was on his way to the hospital when Valko stopped him. Valko placed Dennis under arrest at about 11:50 P.M. on August 24, 2003. Dennis was then taken to the hospital at about 1:30 A.M. on August 25, 2003.

    The applicable statute of limitations period for Dennis's § 1983 cause of action is governed by Illinois law. *See Heard v. Sheahan*, 253 F.3d 316, 317 (7th Cir. 2001). Illinois provides for a two-year statute of limitations period for such claims. 735 ILCS 5/13-202. In this case, Dennis's two-year statute of limitations period continued to accrue until Defendants took steps to treat Dennis's condition by bringing him to the hospital

**ORDER**

at 1:30 A.M. on August 25, 2003. As a result, Dennis's § 1983 cause of action accrued on August 25, 2003. This means that Dennis had until August 25, 2005, to file suit against Defendants for their alleged denial of medical care. Dennis did not file suit until December 26, 2007; more than two years after his claim accrued.

Dennis explains that he did not file suit within the applicable time period because "he was under the impression that no claims may be filed while legal actions are underway." In essence, what Dennis is asking is asserting that statute of limitations was tolled during the pendency of his criminal case. Illinois law governs the issue of tolling in this case. *See Foryoh v. Hanna-Porter*, 428 F.Supp.2d 816, 821 (N.D. Ill. 2006). Under Illinois law, "tolling of a statute of limitations may be appropriate in circumstances where: a defendants has actively misled the plaintiff; the plaintiff has, in some extraordinary way, been prevented from asserting [his] rights in a timely manner; or the plaintiff asserted [his] rights mistakenly in the wrong forum." *Weatherly v. Illinois Human Rights Comm'n*, 338 Ill.App.3d 433, 440 (Ill. App. Ct. 2003). Dennis has not alleged any such misconduct on the part of Defendants and he did not initially assert his rights in the wrong forum. Therefore, the statute of limitations was not tolled during the pendency of Dennis's criminal case. Moreover, because Dennis filed suit against Defendants more than two years after his claim accrued and the tolling doctrine is inapplicable in the instant case, summary judgment in favor of Defendants is granted.

Dated:   June 11, 2008

*Charles P. Kocoras*
**CHARLES P. KOCORAS**
**U.S. District Court Judge**